Green, J.
delivered the opinion of the court.
This bill is brought to be relieved from a judgment on an injunction bond, on the ground that the judgment to enjoin the execution of which the former bill was filed, has since been set aside by the court of law in which it-was rendered. The present complainant was the security for Frazier and Looney, for the injunction in that case. Had they any equity against the present defendant? If they had not, it is manifest the complainant in this cause has none. They had entered into a bond, as the security of Dewitt, for an appeal from the county to the circuit court. In the circuit court a judgment was rendered against Dewitt, and against Frazier and Looney as his securities. They say this judgment was void, because the appeal bond was taken by the clerk, after the court adjourned. On this ground jhe former bill was filed to be relieved against it. The chancellor dismissed the bill, and gave judgment-on the injunction bond against them and the present complainant, their security. In this the chancellor was clearly right. Their remedy, if they had any, was at law. This complainant having become bound for Frazier and Looney in the injunction bond, when the decree was made against them, his liability was fixed, and he cannot complain nor obtain relief so long as that decree remains in force agáinst them. No attempt is made to reverse it, by re-hearing, bill of review, or appeal. He undertook for them that *380 they should prosecute their bill with effect. He became liable because they failed to do what he undertook that they should do. His liability being a consequence of theirs, relief to him must be a consequence of, and de-pendant on relief obtained by them.
Frazier and Looney either through ignorance or fraud, combined with Dewitt and the clerk in doing an act whereby the present defendant was delayed in the collection of his debt, and probably, if turned over to Dewitt, may have lost it by his insolvency. By this improper interference of theirs, delaying, embarrassing, and probably defeating the defendant’s remedy against Dewitt, they have done him an injury. Shall this court consummate that injury by giving them relief against his judgment on the injunction bond? Clearly not. To do so would be most unjust. On this ground also they have no right to relief, and consequently the present complainant has none.
Decree affirmed.